# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **GAIL JANE OTEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17CV00029 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | By: James P. Jones |
| **ACTING COMMISSIONER** | ) | United States District Judge |
| **OF SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Joseph E. Wolfe, Wolfe, Williams & Reynolds, Norton, Virginia, for Plaintiff; Evelyn Rose Marie Protano, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I accept the report and recommendations of the magistrate judge.

Gail Jane Otey challenges the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her claims for disability insurance benefits under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 43-page report on October 29, 2018, in which she recommended that the court affirm the Commissioner's decision denying

benefits. On October 31, 2018, the plaintiff filed written objections to the report, which have been responded to by the Commissioner, and are thus ripe for decision.

I must make a de novo determination of those portions of the report to which the plaintiff objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

In her objections, the plaintiff contends that the administrative law judge ("ALJ"), erred in two ways: (1) by failing to properly account for her moderate limitations in concentration, persistence, and pace in his determination of her mental residual functional capacity; and (2) by failing to properly consider her lower extremity impairment as severe and in determining her physical residual functional capacity and concluding that she could perform other work. Pl.'s Objs. 1, 3, ECF No. 19.

Based upon my careful consideration of these objections, the record, and the arguments of counsel, I agree with the magistrate judge that substantial evidence supported the ALJ's findings and was in accord with relevant case precedent. Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objections, ECF No. 19, are DENIED;

2. The magistrate judge's Report and Recommendations, ECF No. 18, are fully ACCEPTED;

3. Plaintiff's Motion for Summary Judgment, ECF No. 12, is DENIED;

4. The Commissioner's Motion for Summary Judgment, ECF No. 14, is GRANTED; and

5. Judgment will be forthwith entered.

    ENTER: November 6, 2018

    /s/ *James P. Jones*
    United States District Judge